## Edward H. Nevitt v. Charles H. Woodburn, Administrator de bonis non of the Estate of George W. Woodburn.

1. DECREES—*May be Read in Connection with Others in the Same Suit.*—Where a decree read by itself is indefinite, it may be read in connection with former decrees in the same suit, in order to give it effect.

2. DEMAND—*Suits upon Executor's Bond.*—In a proceeding under Sec. 115, Chap. 3, R. S., entitled "Administration of Estates," against a defaulting executor, it is necessary to aver and prove a demand, but it is not necessary to do so, when proceeding under section 39, where an administrator sues a former executor or administrator for effects of the estate, withheld or wasted, embezzled or misapplied.

3. RES ADJUDICATA—*Settlement of Executor's Accounts, Binding upon Surcties.*—Where a person becomes bound to answer the default of an executor, and the question of his liability has been settled by proceedings in the courts having jurisdiction, resulting in an order for his removal and a decree finding the amount of his indebtedness to the estate, such matters are *res adjudicata,* and can not again be investigated in a suit upon the bond.

4. STATUTE OF LIMITATIONS—*Suits on Executor's Bonds—Adjudication of Executor's Accounts.*—Where an adjudication of the amount due an estate from an executor is confined to the acts for which a surety has become responsible and is made during the period of the executorship and the time when the surety obligates himself by his bond to indemnify the estate, it is not material when the adjudication is made, provided it was not then barred by the statute of limitations.

**Memorandum.**—Action of debt. , In the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding. Declaration on an executor's bond; the pleas are stated in the opinion of the court; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

## STATEMENT OF THE CASE.

On the 3d of October, 1872, appellant became surety upon the bond of one Peter Ege, who was made executor of the last will of George W. Woodburn and qualified as such. The bond was in the usual statutory form.

After Ege had been acting as executor several years certain proceedings were had in the County and Circuit Courts of Whiteside County, which resulted in his removal by an order of the County Court and a decree of the Circuit Court finding him to be indebted to the estate in the sum of $8,604.52, and ordering him to pay the amount to Wm. A. Sanborn, a person who had been appointed a receiver of the assets of the estate. The decree was reviewed in the Appellate and Supreme Courts on a writ of error and was reversed with directions. 123 Ill. 615.

On the 14th of May, 1888, on the remanding order from the Supreme Court the Circuit Court corrected the decree before them rendered and found that there was then due to the estate from Ege the sum of $1,841.

Appellee was appointed administrator *de bonis non* in 1893, and instituted this suit on Ege's bond for the purpose of recovering the sum found due by the corrected decree and entered on the same. Service was obtained upon appellant only. Appellant filed pleas of *non est factum*, *nul tiel* record, *nil debet*, statute of limitations, denial of appellee's appointment, and a plea setting up that Ege, in addition to assuming the duties of executor, undertook to execute as a trustee, a certain power contained in the will with reference to the sale of lands of the deceased and that the sum sued for in the declaration mentioned was the proceeds of sales of lands made by him as trustee, for which he, Nevitt, was not surety. Replications were filed and a trial had by a jury, resulting in a verdict for appellee. Upon the trial appellee introduced the bond, orders of the County Court appointing Ege as executor, removing him, appointing appellee administrator *de bonis non*, the decree of the Circuit Court entered on the remanding order of the Supreme Court, and the former decree. The decrees were admitted over the objection of appellant.

After the proofs in support of appellee's case were all in, appellant moved to exclude it and direct a verdict for him, but the court overruled the motion. Appellant then offered to show, in proof of his sixth plea, that the $1,841 did not come into the hands of Ege by virtue of his office as executor, but was derived entirely from the avails of the sale of the real estate sold by him as trustee under the power in the will; but the court refused to allow such proof to go to the jury.

Judgment was rendered in favor of appellee and against appellant for $7,000 debt, and $2,412 damages, from which appellant prosecutes this appeal.

JARVIS DINSMOOR, attorney for appellant.

JOHN G. MANAHAN, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE
COURT.

The facts are undisputed that Ege was appointed executor
of the estate of George W. Woodburn; that appellant became
surety on his bond; that Ege was found in default to the
amount of $1,841; that no part of that sum has ever been
paid; that Ege has been removed, and that appellee was
appointed administrator *de bonis non.*

Numerous contentions, several of them extremely tech-
nical, are advanced by appellant. It is first insisted that
the decree of the Circuit Court rendered in 1888, after the
remanding order of the Supreme Court, does not bind appel-
lant because the finding was not against Ege as executor.
Read by itself, the decree of 1888 does not find against Ege
as executor, but plainly has that effect when read in connec-
tion with the former decree. It was proper to read them
together. The latter is upon the same subject-matter as the
former and is its successor.

Appellant makes the point that the declaration does not
aver, nor does the evidence show that Ege was ordered to
pay to appellee, administrator *de bonis non.* It was not
necessary to so aver or make such proof. There was not
an administrator *de bonis non* at the time the decrees were
rendered.

The failure to aver an order upon Ege to pay over the
amount found due, and the failure to aver that a demand
was made upon Ege or appellant to pay, were the points on
which appellant based a motion in arrest of judgment. He
urges those points vigorously in this court. The first point
we have expressed ourselves upon. In proceeding under
Sec. 115, Ch. 3, R. S., entitled " Administration," against
a defaulting executor or administrator, it is necessary to
aver and prove a demand. It is not necessary to do so,
however, when proceeding under section 39 of that chapter,
which reads as follows :

" Sec. 39. In all cases where any such executor or ad-
ministrator shall have his letters revoked, he shall be liable

on his bond to such subsequent administrator or to any person aggrieved for any mismanagement of the estate committed to his care; and the subsequent administrator may have and maintain actions against such former executor or administrator for all such goods, chattels, debts and credits as shall come to his possession and which are withheld or have been wasted, embezzled or misapplied, and no satisfaction made for the same."

This suit was instituted under that section. Appellee's declaration, and the proofs offered by him, were sufficient to support a recovery.

The chief contention of appellant arises upon the alleged error of the Circuit Court in refusing to allow proofs under his sixth plea, showing that the money did not come to the hands of Ege as executor, but by virtue of his office as trustee, executing a power in the will to sell land. The elaborate argument of appellant's counsel upon this contention is in the teeth of the doctrine of *res adjudicata*. Appellant became bound to answer the default of Ege as executor, and the question of his liability was conclusively settled in the decree against Ege. It could not be again investigated in a suit upon the bond. When considered in connection with the former decree, which we have held it was proper to do, the decree found appellant's principal in default to the amount of $1,841. To allow the proof offered, would permit him to deny the finding of a decree in full force against him.

It is insisted, also, that as Ege was discharged as executor "October 13, 1882, any judgment rendered against Ege thereafter would not conclude, in any way, the surety," and that appellant is, therefore, not bound by the decree of 1888. The finding was concerning the defaults of Ege during the period of his executorship and during the time when appellant obligated himself by the bond to indemnify the estate. So long as the adjudication is confined to those acts of the principal for which the surety has become responsible, it is immaterial when it is had, provided it is not barred by the statute of limitation.

Appellant contends that as the decree in which Ege was

found indebted to the estate in the sum of $8,604.52 as executor was rendered "October 9," 1882, from which he did not formally appeal, and as this suit was not commenced until April 28, 1893, appellee is barred by the statute of limitations. There were other parties affected by that decree, and it was immaterial who prosecuted the appeal. The proceeding was *lis pendens*. The declaration counts on the amount found due in 1888, and the decree of 1882 was offered in evidence as explanatory of the first decree and really as a part of it.

The court took the same view in giving an instruction with reference to the statute of limitations, of which appellant complained. The instruction is right. Decree affirmed.